UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B N F DISTRIBUTION ENTERPRISE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>B A DISTRIBUTION, INC., et al.,<br><br>Defendants. | Case No. 25-cv-08527-AMO<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHALL NOT ISSUE**<br><br>Re: Dkt. No. 27 |

Plaintiff B N F Distribution Enterprise, Inc.'s motion for temporary restraining order ("TRO") was heard before this Court on December 8, 2025. The parties submitted competing proposed orders following the hearing. *See* Dkt. Nos. 38 & 39. Given the parties' failure to reach agreement on a proposed form of TRO, the Court rules on the pending motion relying on the language from the parties' proposals. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, and good cause appearing, the Court hereby GRANTS the motion in part and enters the TRO below.

The Court finds that Plaintiff has demonstrated a likelihood of success on the merits on its trade secrets claim against Jorge Barahona Castillo ("Defendant Barahona") and B A Distribution, Inc. ("Defendant BA"). The Court further finds that Plaintiff has demonstrated that, without an order from this Court, it will suffer irreparable harm and that the balance of hardships favors Plaintiff. Accordingly, the Court finds that a TRO and order to show cause why a preliminary injunction should not issue in the public interest.

//

//

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court hereby TEMPORARILY RESTRAINS AND ENJOINS:

1. Defendant Barahona and Defendant BA from possessing, using, or disclosing Plaintiff's trade secrets, specifically:

    a. Plaintiff's confidential customer contract information, including past, current, and prospective customer names and contact information compiled through internal research, years of industry involvement, and/or years of relationship management; confidential sales lead and sales call information and records; confidential information related to pricing, discount information, and payment terms offered to customers and potential customers; compilations of customer demands, preferences, feedback and needs; and previous discussions with customers regarding prior, current, and potential new sales campaigns and strategies (**"Customer Information"**);

        i. Plaintiff's confidential sales reports containing detailed customer pricing information for specific customers, customer discounting information, and customer ordering information for Plaintiff's products (**"Sales Information"**);

        ii. Confidential delivery routes and schedules that we have developed and refined over many years and that are designed to, among other things, ensure that our drivers' routes are as efficient as possible and that sales and delivery personnel arrive at each customer's site on the days and at the times likely to lead to the greatest sales ("**Delivery Information**");

        iii. Plaintiff's confidential market analysis and forecasting reports containing proprietary analyses of specific market trends, market pricing information trends, and target markets for selling Plaintiff's products based on market conditions and financial analysis (**"Market Information"**);

        iv. Plaintiff's confidential vendor contract information, including past, current, and prospective vendor names and contact information compiled through

2

internal research and years of industry involvement; confidential information related to pricing, vendor quote history, discount information, and payment terms offered by vendors or potential vendors; analyses of vendor reliability, reputation, product offerings, and speed and accuracy of order fulfillment; and prior discussions with vendors concerning Plaintiff's prior, current, and potential new sales campaigns and strategies **("Vendor Information")** (collectively, Plaintiff's **"Trade Secrets"**)

b. Defendant Barahona and Defendant BA from continuing to do business with any past or present customer or vendor of Plaintiff whose identity and/or business relationship with Plaintiff Mr. Barahona learned of during his employment with Plaintiff, but only to the extent that Defendant Barahona and Defendant BA are/have been selling to said customer or buying from said vendor the same products that were being sold or bought by Plaintiff on or before October 1, 2025;

c. Defendant Barahona and Defendant BA from deleting, destroying, altering, transmitting, or moving any hard-copy or digital/electronic documents, writings, data, or files that contain any of Plaintiff's Trade Secrets or other confidential, proprietary information belonging to Plaintiff; and

d. Defendant Barahona and Defendant BA from deleting, destroying, altering, or transmitting any hard-copy or digital/electronic invoices, bills of sale, spreadsheets, check copies, bank statements, credit card statements, purchasing histories, delivery schedules, and/or other documents, writings, data, or files that evidence, memorialize, refer, or relate to any actual or potential purchase, order, sale, or delivery between (i) any past or present customer or vendor of Plaintiff, and (ii) Defendant Barahona or Defendant BA.

In addition, the Court HEREBY ORDERS:

2. Defendant Barahona and Defendant BA to (i) provide an accounting to Plaintiff, no later than January 26, 2026, of all of Plaintiff's Trade Secrets and other property in his/its possession, custody, or control, including anything obtained by Defendant Barahona from

3

Plaintiff at any time during his employment with Plaintiff, and (ii) to return all such Trade Secrets and other property to Plaintiff no later than January 30, 2026, along with a written certification, signed under penalty of perjury, that Defendant Barahona and Defendant BA have returned to Plaintiff all Trade Secrets and other property in his/its possession, custody, or control that belongs to Plaintiff;

3. No security bond is required for this matter;

4. Pursuant to Rule 65(b)(4) of the Federal Rules of Civil Procedure, any party affected by this Order has the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow;

5. Defendant Barahona and Defendant BA to Show Cause Why a Preliminary Injunction Should Not Issue concerning the above at a hearing scheduled for December 22, 2025, at 10:00 a.m.  Defendant Barahona's and Defendant BA's response to this Order shall be filed and served on Plaintiff no later than December 17, 2025, at 5:00 p.m.  Any reply by Plaintiff shall be filed and served on Defendant Barahona and Defendant BA no later than December 19, 2025, at 5:00 p.m.; and

6. This Order shall remain in full force and effect for 14 days from the date of this Order. The parties may stipulate to extend the hearing and briefing schedule if they agree that this TRO will remain in effect until the Court enters a further order on Plaintiff's request for a preliminary injunction.

**IT IS SO ORDERED.**

Dated: December 11, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

4